IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ) EL VALLARTA, LLC, EL ) VALLARTA III, LLC, and EL ) VALLARTA IV, LLC ) ) Defendants. ) | Case No. 8:18-cv-00522 Demand for Jury Trial |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to L.V., a minor, who was adversely affected by such practices. As alleged with greater particularity below, Defendants El Vallarta, LLC, El Vallarta III, LLC, and El Vallarta IV, LLC allowed their manager and employees to sexually harass L.V., creating a hostile work environment and causing L.V.'s constructive discharge.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

...
...

3. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nebraska.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. Defendants El Vallarta, LLC, El Vallarta III, LLC, and El Vallarta IV, LLC are limited liability companies formed pursuant to the laws of Nebraska.

6. Defendants operate restaurants all named El Vallarta at three locations in Nebraska, within an hour's drive from Omaha.

7. Betsy Mata is the sole member, owner, and manager of each Defendant.

8. Each Defendant's restaurant location has a front manager that reports directly to Mata.

9. Defendants' operations are interrelated.

10. Defendants share common management through their sole member, owner, and manager—Mata.

11. Defendants share the same centralized control of labor relations.

12. Defendants share common ownership or financial control by their sole member, owner, and manager—Mata.

13. At all relevant times, Defendants have continuously been doing business in the State of Nebraska, functioning as an integrated enterprise and continuously employing at least 15 employees.

14. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

15. More than thirty days prior to the institution of this lawsuit, J.V., on behalf of her minor daughter, L.V., filed timely charges of discrimination (Charge Nos. 563-2017-02106, 563-2017-02109, and 563-2017-02110) with the Commission. J.V.'s charges alleged violations of Title VII.

16. The Commission sent Defendants timely notice of J.V.'s charges.

17. On August 20, 2018, the Commission issued to Defendants Letters of Determination finding reasonable cause to believe that Defendants violated Title VII.

18. The Letters of Determination invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

19. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letters of Determination.

20. The Commission was unable to secure from Defendants conciliation agreements acceptable to the Commission.

21. On September 17, 2018, the Commission issued Notices of Failure of Conciliation to Defendants.

22. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

23. L.V., a minor female, began working for Defendants at their Gretna, Nebraska location in 2016.

24. During L.V.'s employment, male coworkers repeatedly whistled and made inappropriate comments to her about her body and her bottom, including saying that when she was 18, they would be able to legally engage in sexual acts with her.

25. In April 2017, the Floor Manager of Defendants' Gretna location, where L.V. worked, was Hector Barron.

26. Barron witnessed male employees making inappropriate comments to L.V. about her body and did not endeavor to stop or otherwise correct the conduct.

27. On Thursday, April 20, 2017, L.V. reported to work. When she was alone, Barron rolled a lint roller over her back and bottom. He then physically grabbed her bottom and whispered in her ear "You have a nice butt. Can I grab it again?"

28. L.V. escaped to the restaurant's bathroom. When she reemerged, she spent the remainder of her time at work avoiding Barron and ultimately left work early.

29. L.V. did not work for the remainder of the week.

30. L.V. told her parents about Barron's conduct on Sunday, April 23, 2017.

31. L.V.'s mother, Charging Party J.V., reported Barron's conduct to the Sarpy County Sherriff's Office on Monday, April 24, 2017.

32. That same day, April 24, 2017, J.V. called Defendants' Gretna location multiple times to report Barron's conduct. When the phone was answered, she asked to speak to the owner and a man told her that the owner was not available.

33. J.V. again called Defendants' Gretna location on Tuesday, April 25, 2017. Barron answered the phone, saying he was the owner, and initially she didn't realize it was him. She told

him her daughter would not be returning to work and started to explain the assault. Barron interrupted her, said he was the manager, and asked her why she was reporting this to the restaurant and the police. When J.V. realized she was speaking to Barron, she hung up the phone.

34. Following that phone call, later that day, Barron went to L.V.'s home and encountered J.V. and her son. Barron denied the incident multiple times, but eventually admitted he had grabbed L.V. Barron apologized and asked J.V. not to get him in trouble, call the police, or ruin his family. J.V. told him to leave and she left for work.

35. Later that same day, April 25, 2017, Barron returned to L.V.'s home with his wife and child. J.V. was not home, but her son was at home and he refused to answer the door.

36. Again that same day, Barron's wife texted L.V. to ask for J.V.'s phone number. J.V. did not communicate with Barron's wife.

37. In April 2017, at the time Barron harassed L.V., Defendants had neither a sexual harassment policy nor a stated mechanism for reporting sexual misconduct.

38. Because of her fear for her safety and continuing harassment, L.V.'s working conditions were unbearable and she was forced to end her employment with Defendants.

39. Barron was subsequently arrested for and charged with Third Degree Sexual Assault. His trial for this charge remains pending in Sarpy County Court.

40. Defendants' sole member, Betsy Mata, never contacted L.V. or J.V. to find out what happened to L.V.

41. Upon information and belief, Barron remains employed at El Vallarta.

## STATEMENT OF CLAIMS

### COUNT I

### (Title VII – Sexual Harassment)

42. Plaintiff repeats, re-alleges, and incorporates by reference in the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

43. Defendants' employees' repeated catcalling and comments about L.V.'s body, bottom, and the sexual things that they would do to her when she was no longer a minor were intentional and intended to negatively impact her. This behavior was unwelcome, frightening, highly offensive, egregious, humiliating, and intimidating.

44. Barron's sexually harassing language and physical touching of L.V. was intentional and intended to negatively impact her. Barron's language and physical touching was unwelcome, frightening, highly offensive, egregious, humiliating, and intimidating.

45. Barron's appearing at L.V.'s home multiple times in response to J.V.'s reporting his conduct was intentional and intended to negatively impact L.V. His appearances at L.V.'s home were unwelcome, frightening, highly offensive, egregious, humiliating, and intimidating.

46. Barron's and L.V.'s other coworkers' sexually harassing language and behavior was sufficiently severe or pervasive to create a sexually hostile work environment for L.V.

47. Defendants did not have a sexual harassment policy in place or a stated mechanism for reporting harassment during the time of L.V.'s employment.

48. Barron, L.V.'s manager, witnessed the repeated inappropriate behavior of L.V.'s male coworkers and took no steps to stop it.

49. Defendants failed to take reasonable steps to prevent the sexual harassment.

50. Although Defendants knew of L.V.'s accusation, they contacted neither her nor J.V. to investigate what had happened.

51. Defendants failed to take reasonable action to investigate and end the harassment.

52. Defendants unlawfully deprived L.V. of equal employment opportunities because of her sex in violation of 42 U.S.C. § 2000e-2(a)(1).

53. As a direct and proximate result of Defendants' violation of 42 U.S.C. § 2000e-2(a)(1), L.V. suffered actual damages including but not limited to losses in compensation and benefits, medical expenses, fear, humiliation, emotional distress, and loss of enjoyment of life.

54. The unlawful employment practices complained of in the foregoing paragraphs were intentional and were done with malice or with reckless indifference to the federally protected rights of L.V.

## COUNT II

### (Title VII – Constructive Discharge)

55. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

56. By its illegal discriminatory acts in violation of 42 U.S.C. § 2000e-2(a)(1), Defendants made working conditions so intolerable for L.V. that a reasonable person in her position would feel compelled to resign.

57. As a direct and proximate result of Defendants' violation of 42 U.S.C. § 2000e-2(a)(1), L.V. suffered actual damages including but not limited to back pay, losses in compensation and benefits, medical expenses, humiliation, emotional distress, and loss of enjoyment of life.

58. Defendants unlawful actions were intentional and were done with malice or with reckless indifference to the federally protected rights of L.V.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Issue a permanent injunction enjoining Defendants, their subsidiaries, related entities, officers, successors, assigns, and all persons in active concert or participation with Defendants, from engaging in unlawful employment practices which discriminate on the basis of

sex, including harassment and the creation of a hostile work environment based on sex in violation of 42 U.S.C. § 2000e.

  B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for female workers and eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendants to make L.V. whole by providing appropriate back pay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief as necessary to eradicate the effects of Defendants' unlawful employment practices.

  D. Order Defendants to make L.V. whole by providing compensation for past, present, and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses and medical expenses, in amounts to be determined at trial.

  E. Order Defendants to make L.V. whole by providing compensation for non-pecuniary losses resulting from the lawful employment practices described above, including emotional pain and suffering, stress, anxiety, depression, loss of enjoyment of life, inconvenience, embarrassment and humiliation, in amounts to be determined at trial.

  F. Order Defendants to pay L.V. punitive damages for their malicious and reckless conduct as described above, in an amount to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

[*signature block on following page*]

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN
Regional Attorney

C. FELIX MILLER
Supervisory Trial Attorney

s/ MEREDITH S. BERWICK
Missouri Bar Number: 64389
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
St. Louis District Office, 1222 Spruce St., Room 8.100
St. Louis, MO 63103
Phone: (314) 539-7910
Fax: (314) 539-7895
andrea.baran@eeoc.gov
felix.miller@eeoc.gov
meredith.berwick@eeoc.gov

EMILY A. KEATLEY
D.C. Bar Number: 1004811
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Kansas City Area Office, 400 State Ave., Ste. 905
Kansas City, KS 66101
Phone and Fax: (913) 551-6648
emily.keatley@eeoc.gov

*Attorneys for Plaintiff Equal Employment Opportunity Commission*