**IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEBRASKA**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>         Plaintiff,<br><br>and<br><br>JENNIFER VILLAFUERTE,<br>as parent and next friend of L.V.,<br><br>         Plaintiff-in-Intervention,<br><br>v.<br><br>EL VALLARTA, LLC,<br>EL VALLARTA III, LLC and<br>EL VALLARTA IV, LLC,<br><br>         Defendants. | Case No. 8:18-cv-00522-RFR-SMB<br><br><br><br><br><br><br><br><br><br>**AGREED PROTECTIVE ORDER** |

THIS MATTER comes before the Court upon the Unopposed Motion for Protective Order filed by Defendants herein at filing no. 30 seeking an order pursuant to Fed.R.Civ.P. 26(c) that confidential information be disclosed only in designated ways. The Court, being fully advised in the premises, and upon the stipulation of counsel thereto, hereby finds and orders that said Motion should be and is hereby sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

    1.    **DEFINITIONS**.  Limitations under this Protective Order on the use or disclosure of documents, deposition testimony or other discovery designated as "Confidential" shall apply to:

        a.    All information, copies, extracts and complete or partial summaries prepared or derived from such documents or testimony;

        b.    Portions of deposition transcripts, answers to interrogatories, responses to requests for admissions, responses to requests for

1

production, initial disclosures and exhibits thereto which directly refer or directly relate to any such information, documents, copies, extracts or summaries; and

c. Portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which directly relate to any such information, documents, copies, extracts or summaries.

2. **CONFIDENTIAL DOCUMENTS**. Before produced documents are copied or inspected, the producing party may stamp as "Confidential" any document or deposition testimony it believes contains confidential discovery material in order to limit disclosure as set forth in Paragraph. Confidential discovery material includes:

a. Non-public tax or other financial information related to any party;

b. Personnel data and information of the parties or their employees;

c. Medical or mental health information; and

d. Any information copied or extracted from the previously described material.

3. Documents may also be designated as "Confidential" by written notice to opposing counsel which identifies the documents so designated by Bates number. Documents designated "Confidential," deposition testimony so designated, and information derived therefrom will be retained by counsel and will not be used for any purpose other than this litigation and will not be disclosed except pursuant to court order entered after notice, to anyone except:

a. Counsel who have signed this Order approving it as to form and content, attorneys who are employed or are members of the law firms of counsel who have signed this Order, in house counsel, law clerks, secretaries or paralegals directly involved in the conduct of this litigation;

b. Experts and consultants retained by either of the parties for purposes of assisting in the preparation or presentation of claims or defenses;

c. Any deposition or trial witness, during the preparation for or course of deposition or trial testimony, when necessary to the testimony of such witness;

d. Any person who was involved in the preparation of the document;

e. The Court, Court personnel, court reporters and similar personnel;

f. The named parties to this case, including their employees and representatives; and

g. Any other person with the prior written consent of the party producing the document, pleading or deposition testimony.

Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (b), (c), (f) and (g) shall be shown a copy of, and shall agree in writing, or on the record during trial or deposition, to be bound by the terms of this Protective Order. If a deponent refuses to assent, disclosure of the documents during deposition shall not constitute a waiver of confidentiality.

4. **THIRD PARTY WITNESSES**. Either party may designate documents produced by a third party as being "Confidential" pursuant to the terms of this Order within ten (10) days of being made aware of the content of such documents. Any document produced by a third party shall be treated as "Confidential" pursuant to the terms of this Order for such ten (10) day period and thereafter if designated as "Confidential" by either party or by the third party which produces it. The "Confidential" restrictions of this Order shall no longer apply to any document produced by a third party which has not been designated as "Confidential" by a party within such ten (10) day period.

5. **CHALLENGE TO DESIGNATION**. Any party may challenge the "Confidential" designation of any document, by notifying all interested parties and providing the designating party ten (10) days in which to move the Court for an Order preventing or limiting disclosure. The parties shall attempt to resolve such disagreement before submitting it to the Court. If the producing party files such a motion within such time, the documents shall continue to be treated as "Confidential" pursuant to the terms of this Order until such time as the Court has made

a ruling with respect to the motion. If no motion is filed within that time the "Confidential" restriction of this Order shall no longer apply to such document

      6.    **RETURN OF DOCUMENTS**. Within 30 days after the conclusion of this litigation, all documents, including deposition transcripts, designated as Confidential Information, and all photocopies or other copies thereof, as well as all Confidential Information derived in any way therefrom, shall be (a) destroyed; or (b) maintained in the possession, custody, or control of the recipient party's attorney pursuant to the document retention policies of each party's attorney and withheld from all other persons. Nothing in this order will limit counsel for the parties to retain a client file pursuant to their respective document retention policies that might include any such confidential documents, discovery responses, or depositions. This provision does not apply to documents filed in the CM/ECF system. The EEOC will not destroy such documents if doing so violates or could violate any record-keeping law or regulation, or other law or regulation, which applies to the EEOC. This Order shall not terminate upon the conclusion of this action but shall continue until the further order of the Court or until the party claiming confidentiality has waived the same in writing.

      7.    **USE OF DOCUMENTS**. Documents produced by any party, including, but not limited to, "Confidential" documents and information from any documents acquired in discovery in this litigation shall not be used for any purpose except in connection with the litigation pending before the Court in the above-captioned matter. However, the EEOC may utilize documents produced by any party in the course of this litigation to advance the mission of the EEOC, and any "Confidential" documents used for this purpose will continue to be treated as confidential per this Order. Nothing in this Order shall limit any party or person in its use of its own documents or from disclosing its own documents and information. This Order or production of any documents

shall not affect the admissibility of any such document or be deemed a waiver of any objection to the admissibility of such documents.

8. **EXCEPTIONS**. The restrictions embodied in this Order shall be binding on the party to whom "Confidential" information is disclosed unless and until there is a showing that:

   a. Such information was or has become public knowledge absent a breach of this Protective Order; or

   b. The party to whom such disclosure was made had already learned such information from a third party who himself has not breached any confidential relationship which may have existed or exists between such third party and the party making the disclosure.

9. **NON-EXCLUSIVITY**. This Order does not affect the right of a party to seek to compel disclosure or production of a document or to seek an order modifying or limiting this Order in any aspect. The obligations and prohibitions under this Order are not exclusive. All other ethical, legal and equitable obligations are unaffected by this agreement.

10. **WAIVER**. Any waiver under this Order must be made in writing or, if at a deposition or in Court, on the record.

11. **ENFORCEMENT**. Any party or person subject to the obligations and prohibitions of this Order who is determined by the Court to have violated its terms is subject to sanctions imposed by the Court pursuant to the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 26th day of April, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge