## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | |
| JENNIFER VILLAFUERTE, AS PARENT AND NEXT FRIEND OF L.V., AND L.V., | ) ) ) ) | Case No. 8:18-CV-00522-BCB-SMB |
| Intervenors/Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| EL VALLARTA, LLC, EL VALLARTA III, LLC, AND EL VALLARTA IV, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## **CONSENT DECREE**

1.      On November 1, 2018, Plaintiff Equal Employment Opportunity

Commission ("EEOC") instituted this lawsuit against Defendants El Vallarta, LLC,

El Vallarta III, LLC, and El Vallarta IV, LLC ("Defendants" or "El Vallarta")

alleging that El Vallarta deprived employee L.V., represented by her mother

Jennifer Villafuerte (hereinafter "Intervenors"), of equal employment opportunities

because of her sex by subjecting her to unlawful sexual harassment and

constructively discharging her from employment in violation of Title VII of the Civil

Rights Act of 1964 as amended, 42 U.S.C.§§2000e, *et seq*. The Intervenors have

intervened in this lawsuit and alleged, among other things, that Defendants subjected L.V. to unlawful harassment based on sex in violation of Title VII and the Nebraska Fair Employment Practice Act.

2.      The EEOC, Intervenors, and Defendants having negotiated in good faith with a desire to resolve the instant controversy without further expense, delay and burden of litigation, advise the Court that they wish to resolve this suit, and jointly propose this Consent Decree ("Decree") to resolve all claims in this case.

3.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

4.      Accordingly, it is the finding of this Court, made on the pleadings and on the record as a whole, and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties and the subject matter of this action, (ii) the requirements of Title VII and the Nebraska Fair Employment Practice Act will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit, and (iv) the terms of this Decree constitute a fair, reasonable, and equitable settlement and are not contrary to law.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## I.      <u>JURISDICTION</u>

5.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings and conclusions of law.

## II.      **<u>EQUITABLE RELIEF</u>**

6.      Defendants shall maintain a workplace in which: (i) all employees are free from discrimination or harassment based on sex in all aspects of their employment; (ii) its actions, policies, and practices do not have the effect of harassing or intimidating any employee on the basis of sex or allowing such harassment or intimidation to occur; and (iii) the work environment is free of gender-based hostility, including but not limited to, offensive comments and/or conduct of a sexual nature.

7.      Defendants, their officers, agents, managers and supervisors, successors, and assigns, are permanently enjoined from: (i) discriminating against or harassing employees based on sex in any aspect of employment (hiring, training, promotion, firing, compensation, or other terms, conditions, or privileges of employment); (ii) engaging in or being a party to any action, policy or practice that is intended to or is known to have the effect of harassing, intimidating or discriminating against any employee on the basis of sex; and (iii) creating, facilitating, or permitting the existence of a work environment that is hostile to any employee based on the employee's sex, including offensive comments and/or conduct of a sexual nature.

8.      Defendants, their officers, agents, successors, and other persons in active concert or participation with them, or any of them, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 and the Nebraska Fair Employment Practice Act. Defendants shall not retaliate against a person because such person: brings an internal complaint of discrimination with the Defendants; files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of such a charge; or testifies or participates in an investigation or prosecution of an alleged violation of these statutes. Defendants shall not retaliate in any manner against L.V. or any other individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendants retaliate against any such persons identified as a witness or possible witness to discrimination in future investigations or proceedings.

9.      Defendants shall submit all reports required by this Decree to the EEOC by email at: EEOC-SLDO-decree-monitoring@eeoc.gov.

**A. Notice Requirement and Posters**

10.     Defendants shall immediately post all notices required to be displayed in the workplace by EEOC regulations, 29 C.F.R. § 1601.30, in conspicuous places at each of their premises and in an accessible format.

11.     Within ten (10) days after entry of this Decree, Defendants' owner, Betsy Mata, shall sign and post in a location at each restaurant where it will be seen by all employees and applicants the two Notices to Employees ("Notices") attached hereto as Exhibit A. Within twenty (20) days of the entry of this Decree, Defendants shall provide to the EEOC a signed copy of the Notices and pictures showing the posted Notices and location at each El Vallarta restaurant. During the term of this Decree the Notices shall remain posted at all restaurant locations. The EEOC may enter Defendants' facilities to confirm the posting requirements are being met. Should a posted Notice become defaced, marred or unreadable, Defendants shall post a new, legible clean copy of the Notice, within three (3) days of learning of the defacement/illegibility of the Notice.

**B. EEO Policies, Practices and Procedures**

12.     Within thirty (30) days of the entry of the Decree, Defendants shall adopt written anti-discrimination policies and procedures and provide a copy to the EEOC within that time. Such policies and procedures shall, at a minimum:

> a.  Expressly prohibit discrimination and harassment based on sex;
>
> b.  Contain a clear statement from the owner that harassment and harassing conduct will not be tolerated;
>
> c.  Contain a clear statement from the owner that encourages employees to report conduct they believe may be in violation of the policy;

d.  Provide a clear explanation of prohibited conduct, including specific examples, but not limited to the following:

- A supervisor who threatens a bad performance review if an employee refuses to go on a date or perform a sexual act (including kissing, pressure to send a nude photo, etc.);

- Touching a coworker without permission and/or refusing to stop when asked;

- "Sexting" and/or sending sexually suggestive pictures;

- Inappropriate, crude or sexually suggestive comments, discussing sexual activities, and/or using indecent gestures in the workplace – it does not matter if the comments or gestures come from **or** are directed at a coworker, supervisor, vendor or customer;

- Customers who touch employees without permission and refuse to stop when asked;

e.  Set forth clear, easy to understand instructions to employees about the proper procedure to report harassment or suspected harassment, or other violations of the policy, to Defendants' owner, Betsy Mata, at an email address and phone number accessible only to Betsy Mata;

  f. State that Defendants will impose discipline, up to and including termination, upon any employee who fails to adhere to the anti-discrimination/retaliation policies;

  g. State that employees who report harassment or other violations of the policy or provide information related to harassment or other policy violations, and witnesses and others who participate in any investigation will be protected from retaliation;

  h. Include clear protocols for investigating reports of harassment or other policy violations including, but not limited to, identifying the owner (Betsy Mata) as the person designated to investigate complaints and a timeline for reporting the results of the investigation to the employee;

and

  i. Be written in clear, simple language, and provided to all employees in English and Spanish.

13. Within forty-five (45) days of the effective date of the Decree, Defendants shall distribute a copy of the anti-discrimination policies and procedures to all current employees. Defendants shall require each employee to sign and date an acknowledgement contained at the end of the policy that the policy has been received. Defendants shall maintain this acknowledgement in each employee's file. Each employee hired more than forty-five (45) days after the effective date of

this Decree shall receive a copy of the policy and will sign and date an acknowledgment of the policy prior to working their first shift.

14.     For the duration of the Decree, Defendants shall post and keep posted, in an area at each facility where it will be seen by employees, a copy of the anti-discrimination and anti-retaliation policy and a copy of the pamphlet attached to the Decree as Exhibit B.

**D. Sexual Harassment Complaint Monitoring**

15.     Within one hundred eighty (180) days of the entry of this Decree, and every (6) months thereafter during the term of the Decree, Defendants shall send the EEOC a list of all reports of alleged sexual harassment/retaliation, or other potential violations of the policy, in the previous six (6) months, a summary of any such reports, a copy of the investigation report and all related notes or documents, and actions taken by Defendants as a result of the investigation. Upon request of the EEOC, Defendants will provide additional information relevant to such reports as the EEOC finds necessary.

**E. Training**

16.     Within sixty (60) days of the entry of this Decree and quarterly thereafter, Defendants shall provide all employees (including supervisors, managers and owners) training on sexual harassment to include, at a minimum:

        a.  Receiving and reviewing a copy of the policy described in paragraph 12;

b.  receiving and reviewing the pamphlet attached hereto as Exhibit B;

c.  watching the following online video: https://youtu.be/fWqcSdHjYgk (TIME'S UP PSA on Workplace Sexual Harassment); and

d.  watching a video recorded by Betsy Mata, available in English and Spanish, about Defendants' sexual harassment and anti-retaliation policy. Such video shall be at least sixty (60) seconds long and include, at a minimum:

- A summary of Defendants' anti-harassment and anti-retaliation policy, reporting and investigation procedures;

- Expectations of employees to comply with the policy;

- Encouragement to anyone who witnesses a potential violation to contact her; and

- Contact information to make a report directly to Betsy Mata.

Defendants shall compensate all employees for the time spent attending the training. All attendees will sign a dated sign-in sheet next to their printed name verifying they attended the training. Prior to working their first shift, all new employees hired more than sixty (60) days after the effective date of the Decree shall receive and review the two videos and pamphlet described in this paragraph and attend the quarterly training thereafter.

17.  Within ninety (90) days of the entry of this Decree and semiannually thereafter, in addition to the training in paragraph 16, Defendants shall provide a

minimum one (1) hour in-person additional training for its managers, supervisors, and owners, on their obligations to identify, prevent and remedy sexual harassment and retaliation. This training shall be provided by an outside trainer hired and paid for by Defendant (see paragraph 18). Any individual promoted to supervisor or management shall attend the first available semiannual training. The following shall attend the additional training, regardless of their job position with Defendants: Betsy Mata, Roberto Mata, Jr., Jose Serrano, Roberto Gonzalez, Taylor Barron, and Hector Barron. The named individuals will receive the management/supervisor training per the terms of this Decree for as long as they remain affiliated with Defendants during the term of the Decree.

18.    Defendants shall provide the name of the trainer, trainer's resume and an outline and description of the training (or PowerPoint slides of the training) as well as a copy of the materials used in the trainings described in paragraph 17 above to the EEOC no later than ten (10) days prior to the training.

19.    Within one hundred eighty (180) days of entry of the Decree, and semiannually thereafter for the term of the Decree, Defendants shall provide the EEOC (a) a written report that includes the date of training described in paragraph 17, including the name, job title, work location and phone number of each individual who received the training and (b) the sign-in sheets for the trainings provided within the previous one hundred eighty (180) days for the trainings described in paragraph 16.

## F. Other equitable relief

20.     Defendants shall immediately place Hector Barron on a last and final warning and shall terminate his employment if he violates any policy specified in this Decree or fails to attend any training specified in this Decree. Defendants shall not permit Hector Barron to have any control or authority over the terms and conditions of employment for any employee of Defendants.

### III.  INDIVIDUAL RELIEF

21.     Judgment is entered in favor of the Commission and Intervenor, and against Defendants in the amount of eighty-five thousand dollars ($85,000.00) ("Settlement Sum"). This amount represents back pay, compensatory damages, past and future medical expenses, and attorney's fees and costs for Intervenors, as set out below.

22.     Within fifteen (15) calendar days of the entry of this Decree or the date El Vallarta is provided IRS Forms W-4 and W-9, whichever is later, El Vallarta shall send payment of the first sixty thousand dollars ($60,000.00) of the Settlement Sum to Intervenors through their counsel, Fiedler Law Firm, PLC, via courier or certified mail as follows:

      a.  One thousand dollars ($1,000.00) will be issued to L.V. by her proper name as reflected on the W-4 provided by Intervenors. This will be considered backpay. El Vallarta will pay its share of the payroll taxes on this amount, including all FICA and FUTA taxes. El Vallarta

will withhold applicable payroll taxes owed by L.V. in accordance with the provided IRS Form W-4. No later than January 31, 2022, Defendant's will issue an IRS Form W-2 to L.V., by her proper name as reflected on the W-4 previously provided.

    b.  Six thousand two hundred dollars ($6,200.00) will be considered past medical expenses and made payable to Jennifer Villafuerte. No tax reporting is necessary for this payment

    c.  Twenty-one thousand eight hundred forty-two dollars and ninety-eight cents ($21,842.98) made payable to L.V. by her proper name as reflected on the W-4 provided by Intervenors. This will be considered compensatory damages. No deductions from this amount will be made. No later than January 31, 2022, Defendants will issue an IRS Form 1099 box 3 to L.V., by her proper name as reflected on the W-9 provided.

    d.  Thirty thousand nine hundred fifty-seven dollars and two cents ($30,957.02) will be made payable to Fiedler Law Firm, P.L.C. for attorney's fees and costs. No deductions from this amount will be made. No later than January 31, 2022, Defendants will issue on an IRS Form 1099-box 3 issued to L.V. and a 1099 issued to L.V.'s counsel

23.    Within ninety (90) calendar days of the entry of this Decree or the date El Vallarta is provided IRS Forms W-4 and W-9, whichever is later, El Vallarta

shall send payment of an additional fifteen thousand dollars ($15,000.00) of the Settlement Sum to Intervenors through their counsel, Fiedler Law Firm, PLC, via courier or certified mail as follows:

      a.  Nine thousand dollars ($9,000.00) made payable to L.V., by her proper name as reflected on her tax documents. This will be considered future medical expense.  No tax reporting is necessary for this payment.

      b.  Six thousand dollars ($6,000.00) made payable to Fiedler Law Firm, P.L.C., for attorney's fees and costs. No deductions from this amount will be made. No later than January 31, 2022, Defendants will issue on an IRS Form 1099 to L.V.'s counsel.

24.    Within one hundred eighty (180) calendar days of the entry of this Decree or the date El Vallarta is provided IRS Forms W-4 and W-9, whichever is later, El Vallarta shall send payment of the final ten thousand dollars ($10,000) of the Settlement Sum to Intervenors through their counsel, Fiedler Law Firm, PLC, via courier or certified mail as follows::

      a.  Six thousand dollars ($6,000.00) made payable to L.V., by her proper name as reflected on her tax documents provided. This will be considered future medical expenses. No tax reporting is necessary for this payment.

b.  Four thousand dollars ($4,000.00) made payable to Fiedler Law

Firm, P.L.C., for attorney's fees and costs. No deductions from this

amount will be made. No later than January 31, 2022, Defendants will

issue to L.V.'s counsel an IRS Form 1099.

25.     Within five (5) business days of issuing any of the foregoing payments,

Defendants shall submit a copy of each check, itemized statement, and any

accompanying correspondence to the EEOC at the email address listed in

paragraph 9 above.

26.     Intervenors' receipt of the monies detailed above shall not be

conditioned upon an agreement to: (a) maintain as confidential the terms of this

Decree or the facts of this case; (b) waive Intervenors' statutory right to file a charge

for future conduct with any federal or state anti-discriminatory agency; (c) refrain

from reapplying for employment with Defendants; (d) a non-disparagement

agreement; (e) execution of a general release of claims; or (f) any other terms or

conditions which are not explicitly stated in this Decree.

27.     In the event of non-payment, it is acknowledged that the monetary

relief agreed to herein is a debt owed to and collectible by the United States

Government, notwithstanding that Intervenors are the ultimate beneficiary of the

agreed monetary relief.

28.     Within ten (10) days after entry of this Decree, Defendants shall

provide a letter of apology to L.V. in the form attached as Exhibit C.

## IV. <u>ENFORCEMENT</u>

29.     To ensure compliance with this Decree, the EEOC may, with seven (7) days prior written notice to Defendants, conduct interviews and review documents and files related to the requirements of this Decree.

30.     If the EEOC determines that Defendants have not complied with the terms of this Decree, the EEOC shall provide written notification to Defendants of the alleged breach before seeking enforcement relief from the Court.

## V.      <u>TERM, SCOPE AND EFFECT OF DECREE</u>

31.     This Decree shall be in effect for five (5) years from the date it is entered by the Court.

32.     The terms of this Decree shall apply to all El Vallarta restaurant locations existent at the time of entry of the Decree (Gretna, NE; LaVista, NE; and Blair, NE) and any other restaurant or business owned in whole or in part by Betsy Mata during the term of the Decree.

33.     The Court shall retain jurisdiction over this matter for the duration of this Decree for purposes of compliance and enforcement.

34.     Defendants shall provide a copy of this Decree to their current corporate officers and to any entity that proposes to acquire or merge with Defendant(s) prior to acquisition or merger.

35.     Upon petition by a party, the Court may extend the term of this Decree.

36.     By entering this Decree, the parties do not intend to resolve any charges of discrimination currently pending before the Commission other than the charges that created the procedural foundation for the complaint in this case, *Jennifer Villafuerte, as next friend of L.V.*, Charge Nos. 563-2017-02106, 563-2017-02109 and 563-2017-02110.

37.     Each party will bear its own costs and fees.


 April 22, 2021
_____                    _____
Date                                        UNITED STATES DISTRICT JUDGE
                                            BRIAN C. BUESCHER

BY CONSENT:

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

GWENDOLYN YOUNG REAMS
Acting General Counsel

LISA MORELLI
Acting Assistant General Counsel


*/s/ Andrea G. Baran*
Andrea G. Baran, #46520MO
Regional Attorney
andrea.baran@eeoc.gov

C. Felix Miller, #28309MO
Supervisory Trial Attorney
felix.miller@eeoc.gov

Meredith S. Berwick, #64389MO
Trial Attorney
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, Missouri 63103
(314) 798-1909 (telephone)
(314) 539-7895 (facsimile)
meredith.berwick@eeoc.gov

Dayna F. Deck, #39033MO
Senior Trial Attorney
Kansas City Area Office
400 State Ave., Suite 905
Kansas City, KS 66101
(913) 340-8824 (telephone)
(913) 551-6957 (facsimile)
dayna.deck@eeoc.gov

*Attorneys for Plaintiff*

**JENNIFER VILLAFUERTE, AS
PARENT AND NEXT FRIEND OF
L.V., AND L.V.**

*/s/ Kelly Brandon*
Kelly Brandon, #20734
Aimee Bataillon, #22190
FIEDLER LAW FIRM, P.L.C.
20615 Highway 370
Gretna, NE 68028
(402) 316-3060 (telephone)
(402) 513-6501 (facsimile)
kelly@employmentlawnebraska.com
aimee@employmentlawnebraska.com

*Attorneys for Plaintiff/Intervenors*

**EL VALLARTA, LLC, EL
VALLARTA III, LLC, and EL
VALLARTA IV, LLC**

Betsy Mata, owner

*/s/ David A. Houghton*
Justin Eichmann, #22405
Dave Houghton, #24157
HOUGHTON BRADFORD WHITTED
PC, LLO
6457 Frances Street, Suite 100
Omaha, NE 68106
(402) 344-4000 (telephone)
jeichmann@houghtonbradford.com
dahoughton@houghtonbradford.com

*Attorneys for Defendants*

EXHIBIT A

**This Notice is being posted as part of the remedy agreed to pursuant to a Consent Decree between El Vallarta and the Equal Employment Opportunity Commission**.

## SEXUAL HARASSMENT IS NOT TOLERATED HERE

Sexual harassment includes:

- a threat of dismissal or other unfavorable action unless the individual provides sexual favors;
- an agreement or bargain that any individual will provide sexual favors for better working conditions or other reward of any kind;
- discussing sexual activities;
- telling off-color jokes;
- unnecessary or unwelcome touching;
- commenting on physical attributes;
- displaying sexually suggestive pictures;
- using demeaning or inappropriate terms;
- using indecent gestures;
- sabotaging the victim's work;
- engaging in hostile physical conduct;
- granting job favors to those who participate in consensual sexual activity;
- using crude and offensive language.

El Vallarta supports and will obey all Federal laws and will not take any action against employees because they have complained of discrimination or filed a charge with the EEOC.

El Vallarta will not accept sexual harassment by or against any employee, or someone who had applied to be an employee.

El Vallarta will not tolerate retaliation against any employee because an employee reports, protests or opposes any employment practice which is believed by such employee to be unlawful under Federal law.

Employees should feel free to report instances of discrimination to attorney Meredith Berwick at the Equal Employment Opportunity Commission, (314) 798-1909, meredith.berwick@eeoc.gov. For more information about discrimination and how to file a report with the EEOC go to www.eeoc.gov.

_____
Betsy Mata, Owner

**<span style="color:red">Federal law makes it illegal to treat any worker differently because of your
RACE
NATIONAL ORIGIN
COLOR
RELIGION
SEX INCLUDING PREGNANCY
DISABILITY
OR
AGE (40 AND OVER)
It is also illegal to treat someone who applies for a job differently because of one of these reasons.</span>**

Your employer or boss cannot treat you differently because of your race, sex, age, disability, color, national origin, or religion, whether in hiring, firing, promotion, pay, or any other terms of employment.

Your boss or employer also cannot treat you differently because you have filed a complaint of discrimination or opposed practices you believe are unlawful or that treat employees differently on the basis of race, national origin, color, religion, sex, disability or age (forty and over).

El Vallarta supports and will obey all Federal laws and will not take any action against employees because they have complained of discrimination or filed a charge with the EEOC.

**Employees should feel free to report instances of discrimination to the
Equal Employment Opportunity Commission,
Trial Attorney Meredith Berwick, (314) 798-1909,
meredith.berwick@eeoc.gov.**
For more information about discrimination
and
how to file a report with the EEOC go to
**www.eeoc.gov.**


_____

Betsy Mata, Owner

EXHIBIT B



## SEXUAL HARASSMENT IS NOT TOLERATED HERE

### WHAT IS SEXUAL HARASSMENT?

Sexual harassment is when an employee is exposed to *unwelcome* sexual comments or conduct by a co-worker, supervisor, company owner or even a customer or vendor. It also includes offensive remarks or conduct about a person's gender.

### SEXUAL HARASSMENT IS SIMILAR TO BULLYING.



Bullying is **deliberately** hurtful behavior which is **repeated over time**. It is **difficult** for those being bullied to stop the process.

### SEXUAL HARASSMENT IS A KIND OF SEX DISCRIMINATION PROHIBITED BY LAW

**UNWELCOME SEXUAL CONDUCT** violates the law when it unreasonably interferes with the employee's work or creates a hostile, intimidating, or offensive workplace.

"HARMLESS FLIRTING"

IT'S NOT A COMPLIMENT, IT'S **HARASSMENT**

### NOT ALL SEXUAL ATTRACTION OR BANTER IN THE WORKPLACE IS SEXUAL HARASSMENT

but sometimes it can be hard to tell if the behavior is *consensual, not invited but welcome,* or *unwelcome.*

Sexual conduct that is unwelcome and unwanted *by the person who receives* the *conduct, hears it, or sees it,* is unlawful sexual harassment.

## WHAT BEHAVIORS COUNT AS HARASSMENT?

○ making sexual jokes, comments, or gestures to or about someone

○ spreading sexual rumors (in person, by text, or online)

○ writing sexual messages about people on bathroom stalls or in other public places

○ showing someone inappropriate sexual pictures or videos

○ asking someone to send you naked pictures of herself or himself ("nudes")

○ posting sexual comments, pictures, or videos on social networks like Facebook, or sending explicit text messages

○ making sexual comments or offers while pretending to be someone else online

○ touching, grabbing, or pinching someone in a deliberately sexual way

○ pulling at someone's clothing and brushing up against them in a purposefully sexual way

○ asking someone to go out over and over again, even after the person has said no

**It doesn't matter if it's a coworker, supervisor, customer, vendor, or owner who does it — if you find it unwelcome, it's not acceptable.**

## What to do if you're harassed at El Vallarta

First, tell the person to stop. Often it is easier to do this if you have a witness or friend with you.

Report the harassment to your supervisor or contact Betsy Mata at [insert phone number and email address].

Any complaint of harassment will be investigated, and you will get a response in 10 days.

El Vallarta will not retaliate against, or tolerate anyone else retaliating against, anyone who makes a complaint of potential harassment or discrimination.

You can always request a copy of the anti-harassment and anti-retaliation policy from Betsy Mata. A copy is also posted in the restaurant.

Employees should also feel free to report instances of discrimination to attorney Meredith Berwick at the Equal Employment Opportunity Commission (314) 798-1909 or meredith.berwick@eeoc.gov.

**For more information about discrimination and how to file a report with the EEOC go to www.eeoc.gov.**

EXHIBIT C

Besty Mata, on behalf of Defendants, states the following to the Villafuerte family, "I am sorry for what you had to go through."

_____

Betsy Mata